** PART I ** RE: FEDERAL ARBITRAGE RESTRICTIONS.
THE FOLLOWING INFORMAL MEMORANDUM WAS PREPARED IN RESPONSE TO QUESTIONS PRESENTED BY THE SECRETARY OF EDUCATION DURING THE OCTOBER 22, 1991 MEETING OF THE OKLAHOMA COMMISSION ON SCHOOL AND COUNTY FUNDS MANAGEMENT ("COMMISSION").
THE MEMORANDUM IS INTENDED TO IDENTIFY, DESCRIBE AND EXPLAIN IN GENERAL TERMS THE FEDERAL TAX RESTRICTIONS APPLICABLE TO THE ISSUANCE OF CERTIFICATES OF INDEBTEDNESS BY OKLAHOMA SCHOOL DISTRICTS AND COUNTIES. THE MEMORANDUM IS NOT INTENDED TO ADDRESS SPECIFIC TRANSACTIONS, NOR IS IT INTENDED TO SUBSTITUTE FOR GUIDANCE BY COMPETENT BOND COUNSEL.
GENERAL BACKGROUND
OKLAHOMA LAW PERMITS SCHOOL DISTRICTS AND COUNTIES TO ISSUE SHORT-TERM FINANCIAL OBLIGATIONS IN THE FORM OF CERTIFICATES OF INDEBTEDNESS. 70 O.S. 5-136.1/19 O.S. 347 (1990). THE CERTIFICATES ARE ISSUED TO OBTAIN PROCEEDS WHICH ARE, IN TURN, USED TO PAY THE CURRENT EXPENSES OF THE DISTRICT OR COUNTY PENDING RECEIPT OF AD VALOREM TAXES OR OTHER REVENUES. SUCH OBLIGATIONS ARE OFTEN REFERRED TO AS "TAX-ANTICIPATION NOTES."
THE INTERNAL REVENUE CODE OF 1986 ("IRC") PROVIDES THAT AN OBLIGATION OF A STATE OR A SUBDIVISION OF A STATE IS A "STATE OR LOCAL BOND." IRC 26 U.S.C.A. 103(C). BECAUSE OKLAHOMA SCHOOL DISTRICTS AND COUNTIES ARE POLITICAL SUBDIVISIONS OF THE STATE, THE CERTIFICATES OF INDEBTEDNESS ISSUED BY THESE ENTITIES ARE FOR FEDERAL TAX PURPOSES STATE OR LOCAL BONDS.
INTEREST ON STATE OR LOCAL BONDS IS ORDINARILY EXCLUDED FROM GROSS INCOME. IRC 103(A). THAT IS, STATE OR LOCAL OBLIGATIONS, SUCH AS CERTIFICATES OF INDEBTEDNESS, ARE TAX-EXEMPT BONDS. TAX COMMISSION ON SCHOOL AND COUNTY FUNDS MANAGEMENT FEBRUARY 18, 1992 EXEMPT BONDS GENERALLY BEAR A LOWER RATE OF INTEREST THAN OTHER TAXABLE INVESTMENTS. THUS, THE SPECIAL TAX STATUS OF THESE OBLIGATIONS EFFECTIVELY REDUCES THE COST OF BORROWING TO GOVERNMENTAL ENTITIES, SUCH AS SCHOOL DISTRICTS AND COUNTIES.
THE FACT THAT TAX-EXEMPT BONDS BEAR A LOWER RATE OF INTEREST THAN TAXABLE INVESTMENTS ALSO GIVES RISE TO THE POTENTIAL FOR "TAX ARBITRAGE." TAX ARBITRAGE OCCURS WHEN THE PROCEEDS OF TAX-EXEMPT BONDS ARE INVESTED IN TAXABLE INVESTMENTS WHICH BEAR A HIGHER YIELD. THE CODE SEEKS TO RESTRICT TAX ARBITRAGE. ACCORDINGLY, BONDS ISSUED BY STATE OR LOCAL GOVERNMENTS WHICH ARE DEEMED TO BE " ARBITRAGE BONDS" ARE NOT TAX-EXEMPT. IRC S 103(B)(2).
ARBITRAGE BONDS
AN OBLIGATION IS AN " ARBITRAGE BOND " IF AT THE TIME THE OBLIGATION IS ISSUED THE ISSUER REASONABLY EXPECTS TO USE THE PROCEEDS TO ACQUIRE INVESTMENTS WHICH HAVE A HIGHER YIELD, OR TO REPLACE FUNDS WHICH WERE USED TO ACQUIRE INVESTMENTS WHICH HAVE A HIGHER YIELD. IRC 148(A). IN ADDITION, AN OBLIGATION MAY BE TREATED AS AN ARBITRAGE BOND IF THE ISSUER INTENTIONALLY USES ANY PORTION OF THE PROCEEDS OF THE ISSUE TO ACQUIRE HIGHER YIELDING INVESTMENTS. IRC 148(A).
THE CODE PROVIDES AN EXCEPTION, HOWEVER, TO PERMIT THE INTERIM INVESTMENT OF BOND PROCEEDS. AN OBLIGATION WILL NOT BE TREATED AS AN ARBITRAGE BOND — EVEN THOUGH THE PROCEEDS ARE INVESTED IN INSTRUMENTS THAT HAVE A HIGHER YIELD THAN THE OBLIGATION — IF THE PROCEEDS ARE SO INVESTED FOR ONLY A REASONABLE TEMPORARY PERIOD UNTIL THE FUNDS ARE NEEDED FOR THE PURPOSE FOR WHICH THE OBLIGATION WAS ISSUED. IRC 148(C)(1).
TO ILLUSTRATE THE OPERATION OF THESE RULES, ASSUME THAT A SCHOOL DISTRICT ISSUES A CERTIFICATE OF INDEBTEDNESS. IF AT THE TIME OF ISSUANCE THE DISTRICT EXPECTS OR INTENDS TO USE THE PROCEEDS OF THE CERTIFICATE TO BUY AND HOLD INVESTMENTS WHICH HAVE A HIGHER YIELD THAN THE CERTIFICATE, THEN THE CERTIFICATE WILL LIKELY BE DEEMED TO BE AN ARBITRAGE BOND AND DENIED TAX-EXEMPT STATUS. HOWEVER, IF THE DISTRICT EXPECTS TO USE THE PROCEEDS OF THE CERTIFICATE TO PAY THE LEGITIMATE EXPENSES OF THE DISTRICT, AND INVESTS THE FUNDS FOR ONLY A TEMPORARY PERIOD UNTIL THEY WERE ACTUALLY NEEDED, THEN THE CERTIFICATE WILL LIKELY NOT BE TREATED AS AN ARBITRAGE BOND.
SCHOOL DISTRICTS AND COUNTIES WILL, NO DOUBT, WISH TO AVOID HAVING THE CERTIFICATES THEY ISSUE BE TREATED AS ARBITRAGE BONDS. ACCORDINGLY, DISTRICTS AND COUNTIES SHOULD KEEP TWO PRIMARY CONSIDERATIONS IN MIND WHEN ISSUING OBLIGATIONS AND DEALING WITH THE PROCEEDS OF THOSE OBLIGATIONS. FIRST IS THE NEED TO ENSURE THAT AN ISSUE IS PROPERLY SIZED; SECOND IS THE NEED TO COMPLY WITH THE RESTRICTIONS PERTAINING TO REBATE.
SIZING THE ISSUE
THE METHOD SCHOOL DISTRICTS AND COUNTIES ARE TO USE IN DETERMINING THE SIZE OF AN ISSUE OF TAX-ANTICIPATION NOTES IS OUTLINED IN REGULATIONS PROMULGATED BY THE UNITED STATES TREASURY DEPARTMENT. THIS SIZING METHOD IS REFLECTED IN STATE LAW AS WELL.
A. MAXIMUM CUMULATIVE CASH FLOW DEFICIT.
THE REGULATIONS ESTABLISH AN UPPER LIMIT ON THE AMOUNT OF TAX-ANTICIPATION NOTES A GOVERNMENTAL ENTITY MAY ISSUE. AN ENTITY MAY ISSUE THESE SHORT-TERM OBLIGATIONS IN AN AMOUNT NOT EXCEEDING THE "MAXIMUM CUMULATIVE CASH FLOW DEFICIT" OF THE ISSUER. THE MAXIMUM CUMULATIVE CASH FLOW DEFICIT OF A GOVERNMENTAL ENTITY IS DEFINED AS (1) THE AMOUNT THE ENTITY WILL SPEND TO PAY EXPENSES WHICH WOULD ORDINARILY BE PAID OUT OF TAXES OR OTHER REVENUES; PLUS (2) THE AMOUNT THE ENTITY IS REASONABLY REQUIRED TO KEEP ON HAND AS A CASH BALANCE; MINUS (3) ALL AMOUNTS, OTHER THAN THE PROCEEDS OF THE ISSUE, AVAILABLE TO PAY SUCH EXPENSES. TREAS.REG. 1.103-14(C).
FOR PURPOSES OF DETERMINING THIS DEFICIT, THE AMOUNT OF THE REASONABLY REQUIRED CASH BALANCE IS DEEMED TO BE ONE MONTH OF THE ENTITY'S ANTICIPATED EXPENDITURES. AND IN DETERMINING WHICH FUNDS ARE AVAILABLE FOR THE PAYMENT OF EXPENDITURES, ALL FUNDS ARE CONSIDERED TO BE AVAILABLE TO THE EXTENT THAT THESE FUNDS MAY, IN THE ABSENCE OF LEGISLATIVE OR JUDICIAL ACTION, BE INVADED TO PAY EXPENSES WITHOUT BEING REIMBURSED. TREAS.REG. 1.103-14(C).
THE STATE STATUTE THAT ADDRESSES THE LIMITATIONS ON SCHOOL DISTRICT AND COUNTY PARTICIPATION IN CASH MANAGEMENT PROGRAMS ALSO RESTRICTS THE SIZE OF AN ISSUANCE OF A CERTIFICATE OF INDEBTEDNESS. BECAUSE THE STATUTE REFERENCES THE DEFICIT CALCULATION METHOD SPECIFIED IN THE CODE, THE STATUTE, AS A PRACTICAL MATTER, SERVES TO LIMIT THE AMOUNT OF A CERTIFICATE TO THE MAXIMUM CUMULATIVE CASH FLOW DEFICIT OF THE ISSUER. 60 O.S. 177. 2(B) (1990).
IN SUM, A SCHOOL DISTRICT OR COUNTY MAY ISSUE A CERTIFICATE OF INDEBTEDNESS IN AN AMOUNT NOT TO EXCEED THE CURRENT EXPENSES OF THE ENTITY, PLUS ONE MONTH'S EXPENSES AS A CUSHION, AND LESS THE CURRENT TAXES AND OTHER REVENUES TO BE RECEIVED BY THE ENTITY. ALSO, THE CALCULATIONS MUST BE MADE SEPARATELY WITH RESPECT TO THE OPERATING AND BUILDING FUNDS OF A SCHOOL DISTRICT OR COUNTY BECAUSE, UNDER STATE LAW, THESE ACCOUNTS ARE NOT FREELY FUNGIBLE.